14th, 17th, 18th, and 24th and September 16th). No ground whatever is shown for the compensation asked for the engineer, Waters, nor does the necessity for his continued daily service to the commissioners appear, and therefore his application for the sum of $2,020 is denied. The city's items of disbursements will be taxed as submitted.

Settle order on notice.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Lyttleton Fox, for appellants.
J. P. Dunn, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of the court below. Order filed.

---

PEARSALL v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. MASTER AND SERVANT (§ 217*)—RAILROADS—ENGINEERS—RISK ASSUMED.

An experienced locomotive engineer assumed the risk of injury resulting from the improper location of a semaphore, where he had passed the place every other day for two months, and, if the semaphore was improperly located, he had known it for months before the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 589; Dec. Dig. § 217.*]

2. MASTER AND SERVANT (§ 219*)—ASSUMPTION OF RISK—APPLICABILITY OF DOCTRINE.

The rule that an employé does not assume a risk of injury arising from the employer's negligence does not apply at common law, nor to open, obvious risks.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*]

Appeal from Trial Term, Onondaga County.

Personal injury action by David A. Pearsall against the New York Central & Hudson River Railroad Company. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

George H. Denison and F. J. O'Neol, for appellant.
Hiscock, Doheny, Williams & Cowie, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought to recover damages for personal injuries, alleged to have been caused by the defendant's negligence. The case, when first tried, resulted in a verdict for the plaintiff. There was an affirmance in the Appellate Division, but a reversal in the Court of Appeals. 189 N. Y. 474, 82 N. E. 752.

The action was one at common law. Plaintiff was an engineer, and was running a fast train west-bound. When approaching the De Witt yard, near Syracuse, the train came upon a switch set for a cross-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

over, instead of the main track, and, taking the cross-over, was derailed, and the plaintiff was injured. Upon the first trial the ground of negligence submitted to the jury was that the defendant failed to enact and promulgate rules with reference to the care and operation of the switch, so as properly to protect trains passing it on the main track. The Court of Appeals held there was an entire failure of proof as to this ground of negligence.

On the second trial, which we are here reviewing, the ground of negligence urged was that the defendant improperly placed the semaphore so that it could not be seen by the engineer in time to stop his train. It was 459 feet from the switch, and could be seen not to exceed 400 feet before reaching it, which would be 859 feet before arriving at the switch; and it was claimed that it required at least 1,400 feet to stop this train, going at the rate of speed it was required to go, upon the track, which was wet and slippery, at the time of the accident. It will be remembered that the accident occurred in September, 1901, more than seven years ago, and the defendant claims there was no proof in the case upon which the jury could charge the defendant with the duty at that time of having any semaphore at all to protect this switch; no evidence that they were in use on other roads, nor that they were located further from the switch on any road than the one in question. There seems to have been a defect in the proof in this regard, and it may well be that a finding by the jury of negligence on that ground would not be authorized.

But the court did not consider this question, or nonsuit upon this ground. The decision was based upon the assumption of risk by the plaintiff, and it seems to me the conclusion arrived at was correct. The plaintiff was an engineer of considerable experience. He knew all about the locality of the accident. For two months prior to the accident he had passed over the locality every other day, going eastward in the daytime, with no obstacles to prevent his seeing, and westerly in the nighttime, when he was compelled to observe the semaphore, to discover whether the switch was open or closed. If the semaphore was not properly located, he knew it, and had known it for months before the accident. Why did he not assume the risk of the semaphore located just as it was? Plaintiff says, because it was improperly and negligently located, and he assumed only such risks as existed after the defendant had performed its duty of locating the semaphore properly. This is not the rule in an action at common law, whatever it may be under the statute recently passed upon this subject. If the defendant performed its whole duty as to the locating of the semaphore, there would be no right of action for neglect in that respect, and therefore no need of claiming any risk was assumed. The rule stated does not apply to open, obvious risks, as laid down in Dowd v. N. Y. O. & W. R. R. Co., 170 N. Y. 459, 63 N. E. 541:

"The doctrine of assumed risks rests upon a contract impliedly made before the negligent act of the defendant which caused the injury was committed. * * * Before commencing to work at all, he (plaintiff's intestate) agreed to waive any right of action which he might otherwise have on account of the habitual or occasional negligence of the defendant known to him before the accident happened. He impliedly agreed to waive the negligence of the defendant," etc.

And again:

"When the plaintiff's intestate entered the service of the defendant, he assumed the obvious risks of the business and waived any right of action on account thereof. * * * The doctrine of assumed risk rests upon the implication of a promise by the employé to waive the consequences of dangers of which he is fully aware."

In Rice v. Eureka Paper Company, 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585, it was said, after reviewing the facts:

"Upon these facts two propositions are so clearly established that they are practically conceded. The first is that the defendant, as employer, furnished the plaintiff, as its employé, a machine that was not reasonably safe, because it lacked the necessary appliance to stop it quickly in case of accident. The second is that the plaintiff, by accepting employment upon this machine, with full knowledge of its defects and dangers, voluntarily assumed the risks incident thereto; and this is equally true, whether we regard the machine as lacking in approved appliances, which the defendant was under no obligation to adopt, or as defective in respect of repairs, which it was the defendant's duty to make. If there were nothing further in the case, the bare statement of these two propositions would bar plaintiff's claim for damages," etc.

These two cases illustrate the rule beyond any question, and leave us no reason to misunderstand it. There are no cases laying down any contrary rule, when correctly understood.

The only question remaining here is whether, under the evidence, there was any question of fact for the jury. The evidence given upon this question was mainly, if not entirely, that of the plaintiff himself on direct and cross examination. It seems to me to be susceptible of but one conclusion, the assumption of the risk of the semaphore, located where it was.

I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.